**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jayson NEZ, Defendant—Appellant.**

**No. 04–10022.**

**D.C. No. CR–03–00361–PGR.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 8, 2004.*

Decided Oct. 14, 2004.

Ann B. Scheel, Asst. U.S. Atty., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gerald A. Williams, Appointed Federal Public Defender, FPDAZ—Federal Public Defender's Office (Phoenix), Phoenix, AZ, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM**

Jayson Nez appeals his conviction for (1) First Degree Murder of Gene Tom in violation of 18 U.S.C. §§ 1153, 1111 and 2; (2) Felony Murder of Gene Tom in violation of 18 U.S.C. §§ 1153, 1111, 2111 and 2; (3) First Degree Murder of Steven Tom in violation of 18 U.S.C. §§ 1153, 1111 and 2; (4) Felony Murder of Steven Tom, in violation of 18 U.S.C. §§ 1153, 1111, 2111 and 2; (5) Robbery in violation of 18 U.S.C. §§ 1153, 2111 and 2; and (6) Discharging a Firearm in a Crime of Violence in violation of 18 U.S.C. § 924. Nez argues that his statements made to police at his parents' house should have been suppressed, because he was "in custody" once he admitted to police that he was involved in the murder, but was not advised of his *Miranda* rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the district court's denial of his motion to suppress de novo, *see United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir.2001), and affirm.

We conclude that Nez was not subjected to a custodial interrogation in light of the totality of the circumstances: Nez, who was twenty-two at the time, was questioned at his home with his father present for approximately 90 minutes; the agents were not accusatory, did not apply pressure on Nez, did not have their weapons drawn, did not present Nez with any evidence of his guilt, did not tell Nez he was

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not free to leave or that he had to answer their questions; Nez was not handcuffed during the questioning; and Nez rode unhandcuffed in the front seat of the agents' car while voluntarily showing the agents the locations of the murders and burials. *See Hayden,* 260 F.3d at 1066 (outlining relevant factors for "in custody" determination and stating the test as "whether a reasonable person in such circumstances would conclude after brief questioning that he or she would not be free to leave" (internal quotation marks and alteration omitted)); *see also Yarborough v. Alvarado,* 541 U.S. 652, 124 S.Ct. 2140, 2147–49, 158 L.Ed.2d 938 (2004) (explaining the clearly established Supreme Court precedent on custodial interrogations); *Stansbury v. California,* 511 U.S. 318, 319, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (emphasizing that officer's subjective and undisclosed view whether person is a suspect is irrelevant to "in custody" assessment).

AFFIRMED.